UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFF BENSON BEAUBRUN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00587-MPB-MJD |
| | ) | |
| MARKWAYNE MULLIN Secretary, U.S. Department of Homeland Security, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DENYING MOTION TO DISMISS**

Jeff Beaubrun filed his petition for a writ of habeas corpus in this District on August 22, 2026. The respondents move to dismiss the action or, alternatively, transfer it to a different judicial district on grounds that Mr. Beaubrun was not physically located here at the time his petition was filed. *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) ("For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'") (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).

1. The docket reflects that Mr. Beaubrun filed his petition in this Court at 8:33 A.M. Eastern Time on August 22.

2. Respondents concede that Mr. Beaubrun began August 22 at the Clay County Jail in this District.

3. The Clay County Jail Commander attests that Mr. Beaubrun departed the Jail in a van at 7:21 A.M. Eastern Time on August 22. Dkt. 7-4 ¶ 12.

4. The Jail Commander likewise attests that Mr. Beaubrun arrived in St. Louis, Missouri, at 10:36 A.M. Eastern Time on August 22. *Id.*

5. Respondents' motion is premised on the notion that Mr. Beaubrun's van must have departed Indiana by 8:33 if it arrived in St. Louis by 10:36.

5. However, the Jail Commander does not attest that he witnessed or otherwise has personal knowledge of Mr. Beaubrun's arrival in St. Louis. *See* Fed. R. Evid. 602. And, if his testimony is based on documentary evidence, Respondents have not tendered the records. *See* Fed. R. Evid. 1002 (requiring presentation of document to prove its contents).

6. If the Court accepted Respondents' assertion that Mr. Beaubrun arrived in St. Louis by 10:36, they still have not offered any admissible evidence of the van's route.

7. Therefore, Respondents have not demonstrated as a matter of fact that Mr. Beaubrun was outside this District when his petition was filed.

8. Additionally, Respondents cite 28 U.S.C. § 1631 as the basis for their motion. However, § 1631 calls for *transfer*—not dismissal—of a lawsuit to cure any jurisdictional problem created by the choice of venue. Respondents do not propose a transferee venue, much less offer evidence that Mr. Beaubrun was there when the petition was filed.

Respondents' motion to dismiss, dkt. [7], is **denied**. The respondents will have **through September 4, 2026**, to respond to the order to show cause as previously directed. Mr. Beaubrun must file any reply **no later than September 9**.

**IT IS SO ORDERED.**

Dated: September 2, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Kristin A. Hoffman
Gresk & Singleton
khoffman@gslawindy.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov